UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE POLYESTER STAPLE ANTITRUST LITIGATION | ) ) ) | MDL DOCKET NO: 3:03CV1516 |
| This Matter Relates to 3:06CV387 | ) ) ) | |

**THIS MATTER** comes before the Court on Burlington Industries Plaintiffs' Motion To Compel Production Of Documents, filed February 19, 2007. (*See* 3:06CV387, Document #30).

The Burlington Industries Plaintiffs[1] contend they are entitled to "[a]ll documents referring or relating to the March 27, 2006 affidavit of David F. Whitley, including all drafts and correspondence with Mr. Whitley or other employees of Wellman, Inc. or its counsel regarding the affidavit, all documents shown to Mr. Whitley and all documents referred to by Mr. Whitley." (Burlington Industries' Request for Production of Documents, No. 2.) Plaintiffs further request that the Court require Hoechst Celanese to produce said documents at least ten (10) days prior to Whitley's deposition so that they may adequately prepare for Whitley's examination. Plaintiffs' primary concern appears to be with the role, if any, Hoechst Celanese and its counsel may have had in drafting the affidavit. (Pl.s' Mem. at 2 n. 1 and 6.)

Hoechst Celanese asserts the attorney-client and / or work product privileges with respect to most of the requested documents - all but two (2) letters, both dated March 10, 2006.[2] (Documents #36, #38 / Defs.' Exh. A) A review of Defendants' privilege log reveals that these documents are,

---

[1] The Parkdale Mills Plaintiffs did not join in the motion.

[2] Hoechst Celanese has not revealed the identities of the drafter and intended recipient(s) of these letters.

1

in fact, privileged. Citing Martin Marietta, Plaintiffs contend that Defendants waived any privilege that attached by disclosing said materials to Wellman. In re Martin Marietta Corp., 856 F.2d 619, 622-27 (4th Cir.1988). However, the Court made clear at the outset of the litigation that communications occurring among Defendants' counsel did not amount to a waiver of privilege.[3] Plaintiffs argue that Wellman was not a "Defendant" in March 2006 when these alleged privileged discussions were occurring (because Wellman had already settled the claims brought against it). Secondly, Plaintiffs state that as far as they know, Hoechst Celanese and Wellman never entered into a written joint defense agreement. The undersigned rejects both arguments. Notwithstanding Wellman's voluntary dismissals, Wellman was, and is, a "Defendant" for purposes of application of the initial pretrial order. Further, a written joint defense agreement is not necessary to trigger the "Privileges Preserved" provision of the June 2003 Order allowing the plaintiff and defendant groups to discuss the case freely without fear of inadvertent waiver.

Thus, the remaining question for the Court involves only the two (2) letters not subject to any claim of privilege.[4] Defendants withheld production of these letters based solely upon the fact that the letters were created outside of the time period previously agreed to by the parties, namely, from

---

[3] The relevant provision of the Initial Pretrial Order is within Section "I," which involves the appointment and role of Lead and Liaison Counsel and related issues. Subsection "G" is entitled "Privileges Preserved," and reads as follows:

> "No communication among Plaintiffs' counsel or among Defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled."

(6-17-03 Order at 4.) The primary purpose of this provision is to encourage counsel, to the extent they are able due to a common legal interest, to freely discuss the case.

[4] Hoechst Celanese originally asserted that the work product privilege prohibited disclosure of these letters but has since withdrawn its claim of privilege. (Defs.' Mem. In Opp'n at 3 n.2)

January 1995 through January 2001.[5] (*See* Defs.' Exhs. E - Cashdan "Draft" Letter dated February 19, 2004 at 2 and G - Eddy Letter dated February 7, 2007 at 1.) Plaintiffs assert that Hoechst Celanese ignores the distinction between "business records related to polyester staple fiber created in the normal course of business [during the 1995 - 2001 time period] and non-privileged documents generated and provided to third parties to gain a litigation advantage. (Pl.s' Mem. at 6.)

Notwithstanding the parties' difference of opinion regarding the time period for document discovery, the Court is not persuaded that correspondence in 2006, presumably between counsel for the respective Defendants and / or the witness, is relevant to any claim or defense in the case or otherwise reasonably calculated to lead to the discovery of admissible evidence.[6] FED. R. CIV. P. 26(b)(1). Moreover, the fact that Whitley will be deposed at all weakens Plaintiffs' argument on this issue. In other words, Whitley may be asked during his deposition about the facts that he avers within the March 27, 2007 affidavit, as well as the facts that were obviously omitted and not sworn to. Finally, the Whitley affidavit does not reference or rely upon any underlying documents or data but rather is more in the form of an express denial of involvement in the alleged conspiracy and a denial of any effort to conceal. For the reasons stated herein, Burlington Industries' Motion To Compel will be <u>denied</u>.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion To Compel Production Of Documents Pertaining To The March 27, 2006 Whitley Affidavit is hereby **DENIED**.

---

[5] The parties' disagreement over the time period for document discovery also arises in Hoechst Celanese's Motion To Compel Production, filed February 23, 2007. (Document #537)

[6] In the Court's view, any negotiations amongst counsel and / or the witness that may have occurred prior to the execution of the Whitley affidavit are not probative of anything other than the strategies of the parties at that particular stage of the litigation.

Signed: March 12, 2007

*Richard L. Voorhees*

Richard L. Voorhees
United States District Judge